IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM COBB, | ) ) ) |
| Plaintiff, | ) Civil Action No.: ) |
| v. | ) ) |
| THOMAS KEOUGHAN d/b/a TOY JOBS, | ) ) ) |
| Defendant, | ) ) ) |

**COMPLAINT AND JURY DEMAND**

The plaintiff William Cobb ("Plaintiff"), by his undersigned attorney, R. Terry Parker, Esq., for his Complaint against the defendant Thomas Keoughan ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2. Plaintiff is an individual doing business as a professional photographer with a place of business located at 3292 Mulberry Street, Edgewater, Maryland, 21037.

3. Upon information and belief, Defendant is an individual doing business as Toy Jobs with a principal place of business at 26 Park Street, Suite 2001, Montclair, New Jersey 07042.

1

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff and his Business**

7. Plaintiff is a professional photographer recognized for his work in urban skylines.

8. Plaintiff licenses his works for professional applications including editorial, advertising, corporate and non-profit use.

9. Plaintiff is the author of the copyrighted work depicted here and referenced hereinafter as the "Copyrighted Work:"



10. The Copyrighted Work is an original work of authorship created by

Plaintiff.

11.  Plaintiff is, and has been for all relevant time, the sole owner of the copyrights in and to the Copyrighted Work.

12.  Plaintiff has obtained registration with the United States Copyrighted Office for the Copyright Work, Reg. No. VA 2-193-890.

**B.  Defendant's Unlawful Conduct**

13.  In or about June of 2022, Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyright Work.

14.  Specifically, Plaintiff discovered the Copyright Work being reproduced, distributed and publicly displayed, for commercial purposes, without Plaintiff's authorization at the following URLs.

- https://toyjobs.com/wp-content/uploads/2022/01/8032910975_4065272f36_b-1.jpg
- https://toyjobs.com/toyjobs_blog/
- https://toyjobs.com/category/about-toy-jobs/
- https://toyjobs.com/the-virus-calls-the-tune/

15.  Sample screenshots of Defendant's commercial use of Plaintiff's Copyrighted Work are depicted as follows here:



16.     Upon information and belief, Defendant located the Copyrighted Work on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant, and then used the Copyrighted Work in the creation of webpages to attract users to visit and remain at Defendant's website for commercial purposes of generating revenue, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

17.     Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work within the last three years.

18. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization.

19. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful in that Defendant has acted in reckless disregard of Plaintiff's copyrights. In addition, Defendant, a sophisticated business person familiar with copyright law and claiming copyright protection for his website knew or should have known of the need to seek a license for the use of the Copyrighted Work, knew it did not have permission to use Plaintiff's Copyrighted Work and deliberately used the Copyrighted Work anyway.

## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

20. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

21. The Copyright Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

22. Plaintiff has the rights, title and interest in and to the copyrights in the Copyrighted Work.

23. Upon information and belief, as a result of Plaintiff's public display of the Copyright Work, Defendant had access to the Copyright Work prior to the creation of Defendant's infringing works.

24. By their actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the infringing works.

25. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is

willful and deliberate and Defendant has profited at the expense of Plaintiff.

26. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyright Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyright Work without paying license fees, in an amount to be proven at

27. addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyright Work, which amounts will be proven at trial.

28. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyright Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

29. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

30. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

31. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

32. As an alternative theory to its infringement claims above, to the extent Defendant contends it did not directly nor contributorily infringe Plaintiff' copyrights and the infringement

described above was caused by unmoderated contributors to its website, Defendant profited from the direct infringement described above while declining to exercise a right to stop it.

33. Defendant had the right or ability to control the infringement.

34. As a result of Defendant's right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

35. Defendant had a direct financial interest in the reproduction, distribution, and public display of the Copyrighted Work and Defendant benefitted from the direct infringement by earning substantial profits from advertising at the infringing website.

36. As a direct and proximate result of Defendant's vicarious infringement of Plaintiff' copyrights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

37. In addition, at Plaintiff' election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

38. In the alternative, and at Plaintiff' election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Defendant, or such other amounts as may be proper under 17 U.S.C. § 504(c).

39. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

40. Defendant's vicarious infringement has caused and any continued infringing

conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff' copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors,

attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff' copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff' or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 26, 2024

    Respectfully submitted,

    /s/ *R. Terry Parker*
    R. Terry Parker, Esquire
    Law Office of R. Terry Parker
    43 W. 43rd Street, Suite 275
    New York, New York
    10036-7424
    Tel: (212) 598-5068
    Email: terry@rterryparkerlaw.com

    *Attorney for Plaintiff*
    *William Cobb*